J-A03002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

GREGORY BOLESLAVSKY : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
TRAVCO INSURANCE COMPANY :
:
Appellee : No. 1227 EDA 2017

Appeal from the Order Entered March 16, 2017
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): October Term, 2015 No. 0886

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED APRIL 04, 2018**

Appellant, Gregory Boleslavsky, appeals from the order of the Court of Common Pleas of Philadelphia County, which entered summary judgment in favor of Appellee, Travco Insurance Company ("Travco"). We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we will only briefly summarize them. On September 3, 2012, Appellant was involved in a motor vehicle accident in Brooklyn, NY, with an unknown, uninsured driver. At the time of the accident, Appellant had a motor vehicle insurance policy ("Policy") with Travco. The Policy includes, *inter alia*, uninsured motorist coverage benefits up to $50,000.00. The Policy provides either party may demand arbitration when the parties are unable to reach a settlement on an uninsured motorist claim. Appellant made a claim for uninsured motorist

_____

* Retired Senior Judge assigned to the Superior Court.

benefits against Travco regarding the accident. Through negotiations, the parties were unable to resolve Appellant's claim. Travco made an initial settlement offer in the amount of $15,000.00, which it increased to $20,000.00 and then to $25,000.00. Appellant rejected all three offers and indicated he would not settle the claim for less than $50,000.00. On September 9, 2015, an arbitration hearing proceeded regarding uninsured motorist coverage; the arbitration panel issued an award for Appellant in the amount of $45,000.00.

Appellant sued Travco on October 12, 2015, alleging one count bad faith. On September 13, 2016, the case proceeded to compulsory arbitration, because Appellant sought damages less than $50,000.00 in his complaint. The arbitrators found in favor of Travco, concluding Appellant had failed to prove Travco engaged in bad faith.

Appellant timely appealed to the Court of Common Pleas on October 4, 2016, from the arbitration award. On February 15, 2017, Travco filed a motion for summary judgment, which the court granted on March 16, 2017. Appellant filed a timely notice of appeal on April 6, 2017. On April 10, 2017, the court ordered a Rule 1925(b) statement of errors complained of on appeal, which Appellant timely filed on April 25, 2017.

Appellant raises one issue on appeal:

> WHETHER THE [TRIAL] COURT ERRED WHEN IT GRANTED [TRAVCO'S] MOTION FOR SUMMARY JUDGMENT[?]

(Appellant's Brief at 9).

Appellate review of an order granting summary judgment asks us to determine whether the trial court abused its discretion or committed an error of law. **Mee v. Safeco Ins. Co. of Am.**, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

**Miller v. Sacred Heart Hosp.**, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. **Pappas v. Asbel**, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002).

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or

- 3 -

defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Daniel J. Anders, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (***See*** Trial Court Opinion, filed August 17, 2017, at 1-9) (finding: Travco's summary judgment motion made clear there were no genuine issues of material fact; Appellant failed to show Travco lacked reasonable basis for extending Appellant settlement offers of up to $25,000.00 for uninsured motorist benefits under Policy; difference between amount of final settlement offer and subsequent arbitration award is immaterial for purposes of determining if insurer's offer lacked reasonable basis; rather, factors insurer considers when determining amount to offer are material; record

shows Travco considered, *inter alia*, Appellant's sworn statement, type of accident in which Appellant was involved, photographs of damage to Appellant's vehicle, extent of damage to vehicle, copies of Appellant's medical records and independent medical examination, whether Appellant sought medical treatment after accident, medical treatment Appellant received, and cost of Appellant's medical treatment; Travco reasonably did not later increase settlement offer from $25,000.00, because Appellant unambiguously indicated he would not settle for less than $50,000.00). Accordingly, we affirm on the basis of the trial court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/18

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| | |
|---|---|
| GREGORY BOLESLAVKSY<br>Plaintiff, | 1227 EDA 2017 |
| vs. | Case No. 151000886 |
| TRAVCO INSURANCE COMPANY,<br>Defendant. | |

## OPINION

Plaintiff Gregory Boleslavksy appeals the trial court's order granting Defendant Travco Insurance Company's Motion for Summary Judgment. On appeal, Plaintiff argues that the trial court abused its discretion in granting Defendant's motion. Plaintiff's Statement of Matters Complained of on Appeal ¶1. For the reasons stated below, the Superior Court should affirm the trial court's order.

## FACTUAL BACKGROUND

On September 3, 2012, Plaintiff was involved in a motor vehicle accident in Brooklyn, New York. Defendant's Motion for Summary Judgment ¶1. The other vehicle involved in the accident fled the scene. *Id.* ¶2. At the time of the accident, Plaintiff was insured under Defendant's motor vehicle insurance policy 988226299 (the "Policy"). *Id.* ¶4. The Policy provided Plaintiff with uninsured motorist coverage benefits up to $50,000. *Id.* ¶5.

Plaintiff claimed uninsured motorist benefits under the Policy regarding injuries that he sustained in the September 3, 2012 accident. *Id.* ¶6. Defendant assigned Pamela Biggart to handle Plaintiff's claim. Biggart Dep.; 12/12/16; 24:6-12. Plaintiff and Defendant entered into negotiations to resolve Plaintiff's claim, but they were unable to do so. *Id.* ¶7. The uninsured motorist coverage provisions of the Policy allowed either party to demand arbitration under these circumstances. *Id.* ¶8. Ex. "B" at 8.



Boleslavsky Vs Travco Insurance Company-OPFLD

1510008600057

On October 12, 2015, Plaintiff commenced a lawsuit against Defendant in the Philadelphia Court of Common Pleas, in which Plaintiff claimed uninsured motorist benefits and medical benefits under the Policy. *Id.* ¶9. During the discovery phase of Plaintiff's uninsured motorist claim, Plaintiff provided Defendant with a sworn statement regarding injuries that he sustained in the September 3, 2012 accident. *Id.* ¶11. Ultimately, Plaintiff withdrew his uninsured motorist claim and arbitrated the dispute pursuant to the Policy's provisions regarding arbitration. *Id.* ¶10.

While handling Plaintiff's claim and before making a settlement offer, Biggart reviewed Plaintiff's sworn statement, photographs of damage to his vehicle, copies of his medical records, and reports from multiple independent medical examinations. *Id.* She confirmed that Plaintiff did not request or refuse medical assistance at the time of the accident and that the police did not file a report regarding the accident. Biggart Dep.; 12/12/16; 37:3-11. She reviewed the type of accident in which Plaintiff was involved, the extent of damage to his vehicle, the medical treatment that he received, and the cost of that treatment. Biggart Dep.; 12/12/16; 32:7-24; 33:1-5. She also considered whether Plaintiff received emergency treatment at the scene of the accident, whether he required emergency transportation from the scene of the accident, whether his vehicle was towed, whether his medical treatments were reasonable and related to his injuries, and whether he incurred any lost wages as a result of the September 3, 2012 accident. Defendant's Motion for Summary Judgment ¶30.

As a result of her extensive review, Biggart initially offered Plaintiff $15,000 to settle his claim. *Id.* ¶12; Biggart Dep.; 12/12/16; 45:6. Later, Biggart increased the settlement offer to $20,000, and then to $25,000. Biggart Dep.; 12/12/16; 45:7-11. Plaintiff rejected all of Biggart's settlement offers. Defendant's Motion for Summary Judgment ¶13.

2

On August 27, 2015, Plaintiff sent Defendant a letter, indicating that Plaintiff would not settle his claim for less than $50,000, (Biggart Dep.; 12/12/16; 44:3-11), and that he would settle only if Defendant made an offer within seven days of receipt of the letter. Defendant's Motion for Summary Judgment ¶13. After seven days had elapsed, Plaintiff informed Defendant that he would not entertain further settlement negotiations and that he would proceed to arbitration. *Id.* ¶14.

Around the same time that Defendant received Plaintiff's letter, Biggart received information from the Rothman Institute regarding Plaintiff's injuries. Biggart Dep.; 12/12/16; 47:3-6. After reviewing information from the Rothman Institute, Biggart increased her valuation of Plaintiff's claim from $25,000 to $28,000. 12/12/16; 47:7-14. Biggart did not contact Plaintiff regarding the increased valuation because Plaintiff had indicated that he would not settle for less than $50,000. Biggart Dep.: 12/12/16; 47:20-22.

On September 9, 2015, Plaintiff and Defendant arbitrated their dispute. *Id.* ¶15. The arbitration panel returned a verdict in Plaintiff's favor in the amount of $45,000. *Id.* Following arbitration, Plaintiff filed the Complaint underlying this appeal. *Id.* ¶16.

DISCUSSION

On appeal, Plaintiff argues that the trial court abused its discretion in granting Defendant's motion in that "defendant knew plaintiff's case was worth in excess of its settlement offer, evaluated the value of plaintiff's case in excess of the settlement offer but consciously never even presented an offer to the plaintiff in accordance with its evaluation." Plaintiff's Statement of Matters Complained of on Appeal ¶1.

1.    Standard Of Review Of An Order Granting Summary Judgment

"Summary judgment is proper only where there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law." *Bailets v.*

3

*Pennsylvania Turnpike Commission*, 123 A.3d 300, 304 (Pa. 2015). "In considering a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and all doubts as to whether a genuine issue exists are resolved against the moving party." *Id.* The question of "whether there are material facts in issue and whether the moving party is entitled to summary judgment are matters of law." *Id.* As such, the scope of review by the appellate court is *de novo. Id.*

A non-moving plaintiff bears some evidentiary burden to survive a defense summary judgment motion:

> [a] non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

*Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1207 n.15 (Pa. 2009), quoting *Ertel v. Patriot–News*, 674 A.2d 1038, 1042 (Pa. 1996). A "plaintiff cannot survive summary judgment when mere speculation would be required for the jury to find in plaintiff's favor. . . . In fact, the trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation." *Krauss v. Trane U.S. Inc.*, 104 A.3d 556, 568 (Pa. Super. Ct. 2014) (citations omitted).

An appellate court "may disturb the trial court's order only upon an error of law or an abuse of discretion," thus:

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

4

*Cigna Corp. v. Executive Risk Indem., Inc.*, 111 A.3d 204, 211 (Pa. Super. Ct. 2015) (citations omitted).

Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden:

> [I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if ... charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Nat'l. Cas. Ins. Co. v. Kinney*, 90 A.3d 747, 752-53 (Pa. Super. Ct. 2014).

2.  An Insurer Owes Its Insureds A Duty Of Good Faith

Under Pennsylvania law, an insurer owes its insureds a duty of good faith. *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1144-45 (Pa. Super. Ct. 2006). The Superior Court elaborated:

> Pennsylvania law holds insurers to a duty of good faith and fair dealing toward their insureds . . . without distinguishing between first party and third party settings . . . This duty does not allow an insurer to protect its own interests at the expense of its insured's interests. Nor does it require an insurer to sacrifice its own interests by blindly paying each and every claim submitted by an insured in order to avoid a bad faith lawsuit.
>
> . . .
>
> Once an insurer identifies a reasonable foundation for denying a claim, it is not relieved of its duty of good faith and fair dealing . . . In other words, if evidence arises that discredits the insurer's reasonable basis, the insurer's duty of good faith and fair dealing requires it to reconsider its position and act accordingly, all the while remaining 'committed to engage in good faith with its insured.'

*Id.* (internal citations omitted).

5

3.     An Insurer Does Not Act In Bad Faith By Making An Offer To
       Settle A Plaintiff-Insured's Claims, Where The Insurer's Offer Is Reasonably
       Based And Where The Insurer Has Not Acted With An Improper Purpose

To maintain a bad faith claim against an insurer, the insurer's conduct must have

breached the duty of good faith. *Terletsky v. Prudential Prop. and Casualty Ins. Co.*, 649 A.2d

680, 688 (Pa. Super. Ct. 1994). More specifically, in a claim of bad faith against an insurer, a

plaintiff must show by clear and convincing evidence that the insurer: (1) did not have a

reasonable basis for denying benefits under the applicable insurance policy, and (2) knew or

recklessly disregarded its lack of reasonable basis in denying the claim.[1] *Condio*, 899 A.2d at

1143.

Bad faith claims are fact specific and depend upon the insurer's conduct *vis à vis* the

insured. *Id.* To constitute bad faith, it is not necessary that an insurer's conduct be fraudulent. *Id.*

However, mere negligence or bad judgment by the insurer is not bad faith. *Id.* In the absence of

evidence of a dishonest purpose or ill-will, it is not bad faith for an insurer to take a stand to

aggressively investigate and protect its interests in the normal course of litigation, as long as the

insurer has a reasonable basis for doing so. *O'Donnell ex rel. Mitro v. Allstate Ins., Co.*, 734

A.2d 901, 910 (Pa. Super. 1999).

Regarding the making of a settlement offer, an insurer that makes a low but reasonable

estimate of a plaintiff's loss does not act in bad faith in making a settlement offer based upon its

estimation. *Terletsky, supra* at 688-99. In *Terletsky*, the plaintiffs were involved in a motor

vehicle accident with an uninsured motorist. *Id.* at 681. Following the accident, the plaintiffs

filed two insurance claims against their insurer. *Id.* After the insurer conducted independent

medical examinations of the plaintiffs, it offered the plaintiffs $40,000 for their first claim and

---

[1] The elements of a bad faith claim are conjunctive. Therefore, Plaintiff needed to come forward with sufficient evidence on both elements of the bad faith claim. Here, Plaintiff failed to do so with regard to the first element of his bad faith claim.

6

$17,500 for their second claim. *Id.* at 682. Plaintiffs' counsel then demanded $100,000 for each claim. *Id.* At arbitration, the plaintiffs received awards of $125,000 for each claim *Id.* Following arbitration, the plaintiffs filed a lawsuit against the insurer, claiming that the insurer had made its initial settlement offers in bad faith. *Id.* at 683. The plaintiffs argued that the difference between the insurer's initial offers and the arbitration awards indicated that the insurer made the initial offers in bad faith. *Id.* The trial court agreed with the plaintiffs, concluding that the insurer acted in bad faith in making the initial settlement offers. *Id.*

On appeal, the Superior Court reversed the trial court, concluding that the insurer had not acted in bad faith because its initial offers were reasonably based. *Id.* at 689. In reaching this conclusion, the Superior noted that the insurer "took into account many factors in determining the offers." *Id.* Those factors included the content and availability of information regarding the plaintiffs' medical treatment, a police report regarding the accident, and damage to the plaintiffs' vehicle. *Id.*

4.  Plaintiff Did Not Produce Clear And Convincing Evidence That Defendant's Initial Settlement Offers Lacked A Reasonable Basis

Here, Defendant's motion for summary judgment provided specific evidence that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. The trial court determined that, in response to Defendant's motion for summary judgment, Plaintiff failed to produce any evidence on the first element of his bad faith claim such that a jury could award a verdict in his favor.

In his response to Defendant's motion for summary judgment, Plaintiff cited to the fact that Biggart's final settlement offer of $25,000 was approximately 50 percent of the value of the $45,000 arbitration award. Plaintiff's Response to Defendant's Motion for Summary Judgment. ¶¶ 40-42. Plaintiff also cited to Defendant's failure to notify Plaintiff – after he unequivocally stated to Defendant that he would not accept any offers less than $50,000 – that Biggart

7

increased her valuation of Plaintiff's claim from $25,000 to $28,000. Plaintiff's Statement of Matters Complained of on Appeal ¶1. ("Defendant knew plaintiff's case was worth in excess of its settlement offer, evaluated the value of plaintiff's case in excess of the settlement offer but consciously never even presented an offer to the plaintiff in accordance with its evaluation.").

As in *Terletsky,* these facts are insufficient to prove that Defendant's initial offers lacked a reasonable basis. More specifically, for the purpose of determining whether an initial settlement offer by an insurer lacks a reasonable basis, the difference between the amount of the settlement offer and any subsequent arbitration award is immaterial. Instead, what is relevant is the information that the insurer takes into account in determining what amount to offer. Defendant, through Biggart, took into account the same kind of information as the defendant in *Terletsky,* as well as additional claims and policy related information prior to making its settlement offers. Defendant's Motion for Summary Judgment ¶10, ¶ 30; Biggart Dep.; 12/12/16; 37:3-11; 33:1-5. Defendant's offers were not arbitrary low-ball offers but rather were the result of a considered analysis of the relevant information regarding Plaintiff's claim including – *inter alia* – Plaintiff's sworn statement, photographs of damage to his vehicle, copies of his medical records, and reports from multiple independent medical examinations, whether she sought medical treatment, the type of accident in which Plaintiff was involved, the extent of damage to his vehicle, the medical treatment that he received, and the cost of that treatment.

Similarly, Defendant acted reasonably when it decided not to contact Plaintiff regarding the increased valuation of Plaintiff's claim from $25,000 to $28,000 following receipt of information from the Rothman Institute. As explained by Biggart, Defendant did not provide another offer to Plaintiff because Plaintiff had already unambiguously indicated that he would not settle for less than $50,000. Biggart Dep.: 12/12/16; 47:20-22.

8

CONCLUSION

Based upon the foregoing analysis, the Superior Court should affirm the trial court's

order granting Defendants' Motion for Summary Judgment.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: August 17, 2017

9